*299 The opinion of the Court was delivered by
Mr. Justice Gantt.
. , _ - n , _ As respects the ground taken tor a new trial, little comment is necessary. This species evidence is always to be cautiously received. When clearly made out, it certainly constitutes a good defence; but the inquiry is one peculiarly proper for the consideration of a Jury. In the present case, there was positive and unequivocal testimony, as to all the defendants being present except one, and very strong evidence in regard to him. The presiding- Judge thought, on the trial, that there was a great preponderance of testimony against the belief of an alibi, and* from a review of the evidence, I am disposed to think that he was correct in his opinion, consequently that a new trial should be- refused;
On the first ground taken in arrest of judgment, and which the counsel has principally relied on, it is contended, that the only appropriate and legal remedy for an injury done to real property, is that of trespass quare clausum fregit,■ and that trespass vi et armis merely, will-not lie. Having taken a different view of the law myself, I apprehend it will be sufficient to show that the remedy by trespass vi et armis may be sustained; To do away the supposed efficacy of the objection to the present action, (Selwyn, 1225,) relied-on by the counsel, will be found, in my opinion, sufficient. He says, every unwarrantable entry on the land, of another is termed a trespass by *300 breaking his close, and that the form of action which the law has prescribed for such injury* is an action of trespass quare clausum, fregit.
I will here observe, that specific forms of action were, at a very early period, provided for such injuries as had then most usually occurred ; which forms, says Blackstone, in his 3d Vol. p. 117, are fixed and immutable, except by authority of parliament. This form of trespass, quare clausum fregit, was one devised for an entry on the land of the owner; but inasmuch as entries, unwarrantable in their nature, might' also be made on lands, whereof the possessor was not the proprietor or owner, but who had an interest therein, arising and growing out of a contract or agreement with the owner, it was thought expedient, and has been adjudged in many instances, that this form of action may be maintained also by a person having such restricted or qualified interest. The position is, I think, clearly laid down by Selwyn, in the page quoted by the counsel for the defendant, and the one next subsequent. He says, though the words of the writ are quare clausum fregit, yet it has been adjudged, in many instances, where the plaintiff has not an interest in the soil, but an interest in the profits only, that this form may be pursued; hence it was holden, that the grantee or patentee of the king de herbagio forestes, might maintain trespass against any person who consumed or destroyed the grass, and that the writ should be *301 quare clausum fregit. So where plaintiff is entitled to corn, grass, underwood, and the like; so, if it „ , . ,1 p ., . ¶ i js agreed between the owner of the sou and o J. S. that the latter shall plough and sow ground, and that, in consideration thereof, J. S. shall give the owner half the crop, J. S. may maintain this action for treading down the corn; and other instances there enumerated. Now it does not follow, that because it has been adjudged that this form of action may be maintained in such like cases, that the action of trespass, vi et armis, merely, could not also have been equally maintained. On the contrary, it would seem that the doubt was, whether he was not the owner, but who was entitled only to a temporary usufructuary interest in the land, was entitled to use a remedy which had been devised, and specifically given to the owner of the soil. The principle which must have governed their decisions was, that inasmuch as persons of the description of those several plaintiffs, had derived to themselves an interest for the time, in the close or soil, by a contract with the owner, and could justify their right under him, (the form of the writ, which, in all cases, is adapted as nearly as possible to the plaintiff’s case,) might be well assimilated to that which was given to the owner himself, and consequently to describe the close as being his who had such interest. The statute of Westminstergave rise to such application of an old principle to new .cases, wherein it is enacted, “ That if it shall *302 fortune in the Chancery, that in one case a writ is found, and in like case falling under like law, ..... . . ,, . and requiring like remedy, is found none, the of the Chancery shall agree in making the writ.” (3 Blacks. Com. 123, 183, 184.) And in tire case of Pasley vs. Freeman, (3 Term Rep. 63,) Mr. Justice Ashhurst observed, in substance, that where a case is not new in principle, but only in the instance, the application of a principle recognised by law to such case, may be applied two centuries hence, as it was two centuries ago. The person having an interest, therefore, in land, justly acquired, by a contract or agreement, was, for the time such interest lasted, quasi an owner; and standing, as it were, in the place of the owner, he may pursue like remedy for an injury done to the soil, as the law gave to the owner himself. Now where this remedy is pursued, I mean that of trespass, Square clausum fregik) the action is denominated a local action, and all the reasoning of the counsel for the defendants, in relation to this remedy, for the redress of an injury to the close or soil, has been justly applied. In such action it is essential that the plaintiff should show a title in himself, or in him under whom he claims, to support the action. But trespass vi et armis, without the words clausum fregit, is equally recognised by the law as a remedy for an injury to real proper-, ty, and it is termed a possessory action, contra-distinguishable from the preceding, in this, that the plaintiff need not show a title. It is founded *303 on the possession merely: all that is necessary for the plaintiff to show is, that he was in actual possession at the time the injury was committed, and it is a circumstance of immateriality such possession be founded on a good title or not, (2 Selwyn, 1227,) even a tortuous possession will support the action. Now this, although in relation to real property, is denominated a personal action, (1 Chitty, 87,) where in enumerating the subject matter of personal actions, an injury to real property is designated one of the instances. He observes, that personal actions are in form, ex contracta, or ex dilicte. After pointing out the former, he designates among the latter the action of trespass vi et armis. Under the head of election of actions, Chitty observes, that the party injured has frequently an election of several remedies, for the same injury; and, in stating the grounds which would direct the choice in regard to trespasses on real property, he says, that a strict legal title is essential to the support of some remedies, but in others the plaintiff’s bare possession of the property affected is sufficient; and recommends that where the title of the party injured is doubtful, the action should.be trespass. (1 Chitty, 207 — 8.) The same author, in pointing out what is proper to be stated in declarations, founded on the several remedies before noticed, takes the same discrimination between those which necessarily involve questions in regard to title, and those which arise from bare *304 possession; and observes, that in relation to A such personal actions for injuries to real property, it is now fully settled, that in such ac-for the recovery of damages, and not the land itself, it is sufficient to state, that the plaintiff was possessed of a house, or land, &c. though the action be brought against the owner of the soil. (1 Chitty, 366,175.) I think that there can be no question, therefore, but that the action of trespass, vi tit armis, may be maintained for an injury done to real property, leaving out the words clausum fregit; and it is the only proper and appropriate remedy, where the plaintiff has nothing more than possession to rest upon. If further confirmation of the correctness of this position were necessary, it may be derived from the case of Dent vs. Oliver, (2 Croke's Reports, 122,) which was trespass, quare vi et armis apud manerium suum de Dallington erexit quoddam, velabrum, (anglice a Toll Booth,) et vi et armis cepit Tolnetum, et adtunc et ibidem insultum fecit super J. S. servientem suum, and disturbed him in gathering Toll ad feriam ipsius, le plaintiffspectant. The defendant pleaded not guilty, and found against him. After verdict it was moved, in arrest of judgment, 1st. For that it is vi et armis erexit velabruin, &c., whereas it cannot be vi et armis. Sed non allocatur, and although it is not said, clausum fregit, yet it is good enough, and punishable as a trespass, for erecting a booth, although it be uot any breach of the soil. 2d. For that he makes not any title in *305 his declaration, viz. by showing that he liad a fair by prescription, nor that he had toll by pre- * * ** x scription belonging to his fair. Sed non allocatur ; for it is a possessory action, and is a sufficient possession against a stranger, without making any special title. (See also, 9 Co. 50 b. 2 Blacks. Reports, 894, 5. Com. Dig. 576.) From those several views I have satisfied myself, that the remedy pursued in this case is one well known in the law, that it has the sanction of usage and reason on its side, and that the objection now raised against it is visionary and unsubstantial, and' must fail. I cannot close my remarks on this part of the subject, without an expression of serious regret, that in- the solution of questions, involving, not only the boundaries of actions, wherein it is highly important that the line of discrimination should be preserved with certainty.and correctness, but also in others of still, greater importance; extending even to questions1 of life and death; that those, in whose hands the sacred trust of expounding the laws, is deposited, should labour under the inconvenience of not being able to recur to the necessary authorities from whence light and information are to be drawn. The evil, in a national point of view,, is too great and serious not to engage the-early attention of an enlightened Legislature, and I cannot but entertain a sanguine hope, that whenever the measure is proposed before that ho *306 nourable body, the evil will be promptly remedied.
On the second ground taken in arrest of judgment, perhaps I might spare myself the trouble of making any observations, the counsel having, in the argument, manifested something like a conviction that it was not tenable; however, as it was still left for the Court to decide upon, I will briefly observe, that after looking into the law, in relation to the subject, I entertain a very clear and decided opinion, that the judgment cannot be arrested thereon. The statement of the time of committing injuries, ex delicite, is seldom material, it may be proved to have been committed either on a day anterior or subsequent to that stated in the declaration. (9 East, 57.) At any rate, it is sufficient if the trespass was committed at any time prior to the commencement of the action; but this objection, if it was tenable, ought to have been taken advantage of by special demurrer. It is too late after verdict to make it a question. On the whole, I am of opinion that the defendants can claim nothing by their motion.
In expressing this opinion, it may, perhaps, not be improper to add, that it is possible, nay, probable, that there was some cause which induced two of the defendants to recede from the permission which had been given to the plaintiff to live upon their land; but this was not the proper way to get her out of possession; the *307 law indignantly frowns upon all acts of violence. The act of demolishing the houses, shows that they were not wanted for the use of the owner; and, as this act of violence was attended with an injury to the goods of the plaintiff the action Was well brought for this compound injury, and the damages do not appear excessive.
I think the defendants can take nothing by their motion.
Colcock, Cheves, and Johnson, J. concurred.